IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALFAREZ TAYLOR,

    Petitioner,

v.

TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-41

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alfarez Taylor ("Taylor), who is housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.  Doc. 1. Respondent filed a Motion to Dismiss, and Taylor filed a Response.  Docs. 8, 10.  For the reasons which follow, I **RECOMMEND** the Court **DENY** Respondent's Motion to Dismiss.

### BACKGROUND

Taylor filed his Petition on May 23, 2019.  Doc. 1.  In his Petition, Taylor contends a non-Bureau of Prisons' ("BOP") staff member imposed sanctions against him, in violation of his right to due process.  Id. at 6.  Taylor also contends the disciplinary hearing procedures relating to his rehearing on the charged disciplinary offense violated his right to due process.  Id. at 7. Taylor requests the Court "reverse all sanction and restore[ Taylor's] good conduct time without any delay[.]"  Id. at 8.  After Taylor paid the requisite filing fee, this Court directed service of Taylor's Petition upon Respondent on June 26, 2018.  Doc. 3.

Respondent filed a Motion to Dismiss, claiming he has waived an exhaustion of administrative remedies defense, and the BOP has restored Taylor's good conduct time.  Doc. 8

at 3.  In so doing, Respondent cites Taylor's imminent expected release and the BOP's "inability to locate the [Disciplinary Hearing Officer's] rehearing report."  Id.  The BOP recalculated Taylor's sentence, and has calculated his projected release date to be July 19, 2019.  Id.  Thus, Respondent asserts Taylor's Petition is moot and should be dismissed.  Id. at 5.

## DISCUSSION

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement."  Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'"  Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

The BOP expunged the challenged incident report and restored Taylor's lost good conduct time.  Doc. 8-1 at 2.  However, Respondent offers no information as to how the BOP calculated Taylor's sentence—with or without the lost good conduct time, when Taylor was set to be released prior to crediting him with the sanctioned lost good conduct time, or whether the BOP credited all 41 days' lost good conduct time against Taylor's sentence he contends he was sanctioned with as a result of disciplinary proceedings.  Id.; see also Doc. 1-1 at 3 (noting sanction of 41 days of lost good conduct time); Doc. 1-3 at 1 (same); Doc. 1-4 at 6 (same).

Taylor requests the Court "reverse all sanction and restore[ his] good conduct time without any delay."  Doc. 1 at 8.  In response to the Motion to Dismiss, Taylor contends his original release date before sanctions were imposed was to be October 6, 2019, and his release date with the imposed sanctions was to be November 10, 2019.  Doc. 10 at 2.  Taylor also contends his sentence was recalculated under the First Step Act of 2018, which resulted in his release date being August 10, 2019.[1]  Id.  By Taylor's calculations, he should have been released from the BOP's custody on June 28, 2019 if he had been credited with all of his 41 days' lost good conduct time.  Id.  Taylor avers the BOP did not correctly recalculate his sentence.[2]  Id.

Thus, while the Court offers no opinion as to the merits of Taylor's Petition and whether he is entitled to additional relief in the form of an earlier release date than what Respondent provides, it cannot determine with any certainty that there is no longer a "live controversy" over

---

[1] Respondent's filing reveals Taylor did receive benefit under the First Step Act.  Doc. 8-1 at 22.  Respondent did not submit Taylor's sentence calculation prior to June 28, 2019.  However, in one filing, it appears that Taylor's projected "statutory release date" was June 30, 2019, id. at 24, which lends credence to Taylor's assertion he should have been released prior to July 19, 2019.  See n.2 of this Report and Recommendation.

[2] By the Court's calculation, 41 calendar days prior to August 10, 2019 (assuming Taylor's dates are correct) would have been Sunday, June 30, 2019.  The last preceding business day would have been Friday, June 28, 2019.

which the Court can give meaningful relief.  <u>Friends of Everglades</u>, 570 F.3d at 1216.  Accordingly, the Court should **DENY** Respondent's Motion to Dismiss.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DENY** Respondent's Motion to Dismiss.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Taylor and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 12th day of July, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA