# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| ALFAREZ TAYLOR,<br><br>      Petitioner,<br><br>v.<br><br>TRACY JOHNS,<br><br>      Respondent. | CIVIL ACTION NO.: 5:19-cv-41 |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alfarez Taylor ("Taylor), who is housed at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Taylor filed a Response. Docs. 8, 10. I issued a Report recommending Respondent's Motion be denied, as it was not clear that Taylor's Petition is moot. Doc. 11. Respondent filed Objections to that Report and Recommendation. Doc. 12. As a result of Respondent's allegations, the Court **VACATES** the July 12, 2019 Report and Recommendation and enters the following in its stead.

For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Taylor's Petition, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Taylor *in forma pauperis* status on appeal.

## BACKGROUND

Taylor filed his Petition on May 23, 2019. Doc. 1. In his Petition, Taylor contends a non-Bureau of Prisons' ("BOP") staff member imposed sanctions against him, in violation of his

right to due process.  Id. at 6.  Taylor also contends the disciplinary hearing procedures relating to his rehearing on the charged disciplinary offense violated his right to due process.  Id. at 7.  Taylor requests the Court "reverse all sanction and restore[ Taylor's] good conduct time without any delay[.]"  Id. at 8.  After Taylor paid the requisite filing fee, this Court directed service of Taylor's Petition upon Respondent on June 26, 2019.  Doc. 3.

Respondent filed a Motion to Dismiss, claiming he has waived an exhaustion of administrative remedies defense, and the BOP has restored Taylor's good conduct time.  Doc. 8 at 3.  In so doing, Respondent cites Taylor's imminent expected release and the BOP's "inability to locate the [Disciplinary Hearing Officer's] rehearing report."  Id.  The BOP recalculated Taylor's sentence, and has calculated his projected release date to be July 19, 2019.  Id.  Thus, Respondent asserts Taylor's Petition is moot and should be dismissed.  Id. at 5.

Taylor requests the Court "reverse all sanction and restore[ his] good conduct time without any delay."  Doc. 1 at 8.  In response to the Motion to Dismiss, Taylor contends his original release date before sanctions were imposed was to be October 6, 2019, and his release date with the imposed sanctions was to be November 10, 2019.  Doc. 10 at 2.  Taylor also contends his sentence was recalculated under the First Step Act of 2018, which resulted in his release date being August 10, 2019.  Id.  By Taylor's calculations, he should have been released from the BOP's custody on June 28, 2019 if he had been credited with all of his 41 days' lost good conduct time.  Id.  Taylor avers the BOP did not correctly recalculate his sentence.  Id.  It was on this basis I recommended the Court deny Respondent's Motion to Dismiss, as the Court could not be certain Taylor's Petition is moot.  Doc. 11 at 3–4.

In his Objections, however, Respondent clarifies his position and asserts that Taylor is correct that he would have been entitled to immediate release on June 28, 2019 under the First

2

Step Act. Doc. 12 at 2. Nevertheless, Respondent notes that Taylor's argument is based on a faulty premise, as the First Step Act's methodology for assessing good conduct time is scheduled to become effective on July 19, 2019. Id. Respondent asserts that inmates like Taylor, who have a recalculated sentence resulting in release before the effective date for the revised methodology, are projected to be released on July 19, 2019, the date the changes become effective. Id.

## DISCUSSION

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v.

United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

The BOP expunged the challenged incident report and restored Taylor's lost good conduct time. Doc. 8-1 at 2. However, Taylor cannot receive any benefit of the First Step Act's recalculation methodology until July 19, 2019. Doc. 12 at 2. As Taylor only requests the expungement of the disciplinary report and reinstatement of lost good-conduct time, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Additionally, Taylor was scheduled to be released from confinement on July 19, 2019, and, presumably, has already been released.[1] Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY as moot** Taylor's Petition for Writ of Habeas Corpus.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Taylor leave to appeal *in forma pauperis*. Though Taylor has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the

---

[1] https://www.bop.gov/inmateloc/, search for BOP Register Number 59293-019, indicating release date of July 19, 2019.

4

factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Taylor *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **VACATE** the July 12, 2019 Report and Recommendation. Doc. 11. Based on these same reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY as moot** Taylor's Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case and to enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Taylor leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made

and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Taylor at his last known address and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA